differential pay,

(8) all past and current non-office employees of DEFENDANTS employed in California who worked in the field from January 6, 2006 through the present who worked more than 6 hours in a workday,

(9) all past employees of DEFENDANTS employed in California from January 6, 2006 through the present who, from DEFENDANTS records, received any form of wages beyond 72 hours from the date of termination of employment,

(10) all past employees of DEFENDANTS employed in California from January 6, 2006 through the present who worked shifts of 6 hours or more,

(11) all past employees of DEFENDANTS employed in California from January 6, 2006 through the present who worked shifts of 4 hours or more.

18.   **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that (a) non-exempt class members regularly were denied payment of all overtime wages due and denied payment of overtime wages at the proper rate of overtime pay, (b) class members were not paid all meal period wages or rest period wages earned and were not provided meal periods or rest periods in violation of Labor Code § 226.7, (c) Defendants violated Labor Code § 227.3 by failing to pay out all unused vested vacation wage to employees at the end of their employment, (d) class members were not paid all wages in a timely fashion based on DEFENDANTS own records, including all wages at the end of employment based on Defendants' own records, and (e) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226.

19.   **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF            Exhibit A Page 25

actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20.     DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class all overtime and commission wages earned, and violated Labor Code §§ 227.3 with respect to their employees and uniformly paid their employees wages late.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21.     In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, 227.3, 1194, and 1194.2.  Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS.  Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

23.     As a pattern and practice and matter of corporate policy, in violation of the aforementioned labor laws, DEFENDANTS committed unfair practices based on the claims alleged in the preceding paragraph.

24.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether (a) class members regularly were denied payment of all overtime wages at

the proper rate of overtime pay, (b) class members regularly were denied payment of all overtime wages due for overtime hours worked, (c) DEFENDANTS did not pay all wages in a timely fashion under California law, (d) Defendants violated Labor Code § 227.3 by failing to pay all vested vacation wages at the end of employment, (e) whether Defendants provided meal periods in compliance with California law, (f) whether Defendants provided rest periods in compliance with California law, (g) whether waiting time penalties are owed to class members, and (h) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226. DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

25.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a members of the class and has suffered the harms alleged violations of California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2.

26.    The California Labor Code and upon which Plaintiff bases her claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27.    The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former

9

2    and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

3        28.      The prosecution of separate actions by the individual class members, even if

4    possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

5    to individual class members against the DEFENDANTS and which would establish potentially

6    incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect

7    to individual class members which would, as a practical matter, be dispositive of the interest of

8    the other class members not parties to the adjudications or which would substantially impair or

9    impede the ability of the class members to protect their interests.  Further, the claims of the

10   individual members of the class are not sufficiently large to warrant vigorous individual

11   prosecution considering all of the concomitant costs and expenses.

12       29.      Such a pattern, practice and uniform administration of corporate policy regarding

13   illegal employee compensation described herein is unlawful and creates an entitlement to

14   recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance

15   of the full amount unpaid commission, overtime and vacation wages and meal and rest period

16   wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of

17   suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 226.7, 227.3, &

18   1194, 1194.2 and Code of Civil Procedure § 1021.5.

19       30.      Proof of a common business practice or factual pattern, which the named Plaintiff

20   experienced and is representative of, will establish the right of each of the members of the

21   Plaintiff class to recovery on the causes of action alleged herein.

22       31.      The Plaintiff class is commonly entitled to a specific fund with respect to the

23   compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff class is

24   commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS.

25   This action is brought for the benefit of the entire class and will result in the creation of a

26   common fund.

27

28

10

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 227.3 ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set herein.

33.     This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages of their employees.

34.     Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid out to her in a timely fashion at the end of his employment in violation of Labor Code § 227.3.

35.     As a matter of uniform corporate policy and procedure and practices DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiff and members of the class all vested vacation wages at the end of their employment.  The uniform policy of not paying Plaintiff and members of the class all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

36.     The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiff and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

37.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for damages and wages owed and for costs and attorney's fees.

## SECOND CAUSE OF ACTION

### VIOLAITON OF LABOR CODE § 226.7

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set for herein.

39.     At all times relevant herein, DEFENDANTS were required to provide meal periods and rest periods in compliance with California Labor Code § 226.7.

40.     As a pattern and practice, DEFENDANTS regularly denied Plaintiff and class members meal periods and regularly failed to provide meal periods as a matter of policy, practice, and procedure.  As a pattern and practice, DEFENDANTS regularly denied Plaintiff and class members rest periods and regularly failed to provide rest periods as a matter of policy, practice, and procedure.

41.     As a pattern and practice, DEFENANTS regularly staffed shifts in a way that did not allow their employees to take mandated meal periods or rest periods.  As a patter and practice, DEEFENDANTS regularly failed to schedule meal periods or to record meal periods. DEFENDANTS failed to provide sufficient and proper fully relieved from duty rest periods. DEFENDANTS failed to pay meal period premium wages for such violations and failed to pay rest period premiums for such violations.

42.     Plaintiff was required to work through his meal periods and rest periods without the payment of meal period premium wages or rest period premium wages.

43.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all meal period wages and rest period wages earned.  Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide all meal premium wages and rest period premium wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

44. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 218.5, et seq.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set for herein.

46. At all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194. Plaintiff was employed by DEFENDANTS as a non-exempt employee entitled to overtime wages. During Plaintiff's employment with Defendants, Plaintiff worked overtime hours, specifically, Plaintiff worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay. Plaintiff worked more than 7 days in a row without the proper payment of overtime wages. Further, during his employment with Defendants, including during pay periods wherein Plaintiff worked overtime, Plaintiff also earned non-discretionary commissions, bonuses, shift differential pay, and incentive pay. DEFENDANTS did not calculate and/or factor such non-discretionary commissions, bonuses, shift differential, and incentive pay into Plaintiff's regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owes Plaintiff additional overtime pay. Further, during his employment with DEFENDANTS, Plaintiff worked more than 8 hours in work-shifts that were split between the work days of DEFENANTS without the proper payment of overtime wages for these work-days.

47. As a pattern and practice, DEFENDANTS failed to include all paid non-discretionary commissions, bonuses and other incentive pay into the regular rate when

calculating and paying Plaintiff and DEFENDANTS' other non-exempt California employees proper overtime compensation for daily and weekly overtime hours worked at the appropriate overtime rate.

48.    Further, because of DEFENDANTS' systemic payroll processes that required Plaintiff, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive their earned wages, Plaintiff and the class were not paid all of their overtime pay upon termination of employment, and accordingly are owed overtime wages.

49.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code § 1194 and California Industrial Welfare Commission wage order(s). DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the class for overtime compensation earned as required by California law.

50.    The conduct of DEFENDANTS and their agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

51.    Plaintiff is informed and believes and based thereon alleges that DEFENDANTS willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

52.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according

14

to the mandate of California Labor Code § 1194, et seq.

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

**53.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set for herein.

**54.** At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion during and at the end of their employment pursuant to California Labor Code §§ 201 to 204.

**55.** As a pattern and practice, DEFENDANTS routinely required Plaintiff, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive his earned wages.

**56.** As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**57.** The conduct of DEFENDANTS and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS.

**58.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

### FIFTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

**59.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as

15

though fully set for herein.

60. DEFENDANTS failed in their affirmative obligation to keep accurate payroll records of their California employees. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

61. For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members rates of pay, rates of overtime pay (as a result of DEFENDANTS' failure to calculate the proper rate of overtime pay), net wages earned, daily or weekly overtime pay, commissions earned and/or vacation earned, pay periods in which wages were earned, pay periods in which wages were earned and paid, and who failed to state the name of the legal entity who is the employer.

62. As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

63. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

64. DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

16

## SIXTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

65.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as though fully set for herein.

66.     DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not compensating employees for all overtime hours worked and at the proper rate of overtime pay, (b) not paying all meal period wages and rest period wages, and (c) forfeiting earned and unused vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay).

67.     DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

68.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

69.     Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

70.     The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

71.     Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set

17

forth herein above thereby depriving Plaintiff and other members of the class the minimum

2 | working condition standards and conditions due to them under the California laws and Industrial

3 | Welfare Commission wage orders as specifically described therein.

4 | <center>**PRAYER FOR RELIEF**</center>

5 | WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this

6 | suit is brought against DEFENDANTS, jointly and severally, as follows:

7 | 1. For an order certifying the proposed Classes;

8 | 2. For an order appointing Plaintiff as the representative of the Classes;

9 | 3. For an order appointing Counsel for Plaintiff as class counsel;

10 | 4. Upon the First Cause of Action, for all vacation wages owed (including, but not limited

11 | to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay),

12 | and for waiting time penalties according to proof pursuant to California Labor Code §

13 | 203;

14 |

15 | 5. Upon the Second Cause of Action, all meal wages period wages and rest period wages

16 | owed and for waiting time penalties according to proof pursuant to California Labor

17 | Code § 203;

18 | 6. Upon the Third Cause of Action, for all overtime wages owed and for waiting time wages

19 | according to proof pursuant to California Labor Code § 203;

20 | 7. Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant

21 | to California Labor Code § 203

22 | 8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth

23 | in California Labor Code § 226, and for costs and attorney's fees;

24 | 9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly effected

25 | members of the general public of all funds unlawfully acquired by DEFENDANTS by

26 | means of any acts or practices declared by this Court to be in violation of Business and

27 | Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage

28 | in the unfair business practices complained of herein, for an injunction requiring

<center>18</center>

1   DEFENDANTS to give notice to persons to whom restitution is owing of the means by

2   which to file for restitution;

3   10. On all causes of action for attorneys fees, interest, and costs as provided by California

4   Labor Code §§ 218.5, 218.6, 226, 1194, 1194.2, 2698 et seq. and Code of Civil Procedure

5   § 1021.5 and for such other and further relief the Court may deem just and proper.

6

7   Dated: January 6, 2010                    LAW OFFICES OF KENNETH H. YOON

8

9   By: _____
                                              Kenneth H. Yoon
10                                            Attorney for Plaintiff and the classes

11                            DEMAND FOR JURY TRIAL

12          Plaintiff, for himself and the class, hereby demands a jury trial as provided by

13   California law.

14

15   DATED: January 6, 2010                   LAW OFFICES OF KENNETH H. YOON

16

17   By: _____
                                              Kenneth H. Yoon
18                                            Attorney for Plaintiff and the classes

19

20

21

22

23

24

25

26

27

28

19

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*<br>Kenneth H. Yoon<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90017<br><br>Telephone No.: (213) 612-0988        Fax No. (Optional):  (213) 947-1211<br>E-Mail Address (Optional): kyoon@yoon-law.com<br>ATTORNEY FOR *(Name):* James Lugliani        Bar No: 198443 | FOR COURT USE ONLY<br>**ELECTRONICALLY<br>FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br>**Feb 01 2010**<br>ALAN CARLSON, Clerk of the Court<br>by C. Cepeda |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701<br>☑ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701<br>☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West - 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|
| PLAINTIFF:  James Lugliani<br><br>DEFENDANT:  Kinder Morgan, G.P., Inc., et al. | CASE NUMBER:<br>30-2010-00333949-CUOE-CXC |
| **AMENDMENT TO ☑ COMPLAINT ☐ CROSS-COMPLAINT** | Case assigned to:<br>Judge:  Judicial Officer Nancy Stock<br>Department:  CX105<br>Date complaint filed:  01/08/2010<br>Hearing/trial date: |

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☑ Doe  _1-3_   ☐ Roe _____ to be  (1)  Kinder Morgan Energy Partners,

L.P., (2) KMGP Services Company, Inc., (3) Kinder Morgan Services LLC                                          .

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:  February 1, 2010

Kenneth H. Yoon
(TYPE OR PRINT NAME)                                          *(signature)*
                                          (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as _____

I have discovered the true name of the party to be _____

_____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____
(TYPE OR PRINT NAME)                                          _____
                                          (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

                                          _____
                                          JUDICIAL OFFICER

| Approved for Optional Use<br>L-0132 (Rev. July 1, 2008) | **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT** | Code of Civil Procedure,<br>§§ 473, 474 |
|---|---|---|

Exhibit B Page  38

## PROOF OF SERVICE

**STATE OF CALIFORNIA**              )
                                                    )   ss.
**COUNTY OF LOS ANGELES**     )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017.

On February 4, 2010, I served the following documents described as:

### AMENDMENT TO COMPLAINT

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached mailing list.

[ ]     (BY FACSIMILE)
I am readily familiar with the business practices of this office. The telephone number of the facsimile machine I used was (213) 489-9961. This facsimile machine complies with Rules 2003(2) of the California Rules of Court. Upon transmission, no error was reported by the facsimile machine and a printed copy of the machine's transmission record indicating that the transmission was successfully completed is attached to this declaration.

[ ]     By having copies **personally delivered to the designated party(ies)**.

[ ]     By leaving, during usual business hours, copies in the office of the party(ies) served with the person who apparently was in charge and thereafter mailing (by first class mail, postage prepaid) copies to the party(ies) served at the place where the copies were left.

[ X ]   **(BY MAIL)**
I am familiar with my employer's mail collection and processing practices; know that mail is collected and deposited with the United States Postal Services on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

[ ]     **(BY FEDERAL EXPRESS COURIER)**
I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express delivery. Under that practice it would be deposited with the Federal Express Courier on that same day at Los Angeles, California in the ordinary course of business. Executed on February 4, 2010, at Los Angeles, California.

[X]     (State)          I declare under penalty of perjury that the above is true and correct.

[ ]     (Federal)       I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on February 4, 2010, at Los Angeles, California.


_____
ARIELLE SEPULVEDA

PROOF OF SERVICE

*James Lugliani v. Kinder Morgan G.P., Inc., et al.*
**Orange County Superior Court Case No. 30-2010-00333949**

**SERVICE LIST**

**Attorney for Defendants**

Scott C. Lacunza, Esq.
Jackson Lewis, LLP
5000 Birch Street, Suite 5000
Newport Beach, CA 92660
Telephone:  (949) 885-1360
Facsimile: (949) 885-1380
Email: LacunzaS@jacksonlewis.com

**Attorney for Plaintiff**

Peter M. Hart
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

PROOF OF SERVICE

Exhibit B Page  40

# EXHIBIT C

```
 1 │ Frank Liberatore (SBN 119976)
   │ Scott Lacunza (SBN 186892)
 2 │ Nicole Savala (SBN 244366)
   │ JACKSON LEWIS LLP
 3 │ 5000 Birch Street, Suite 5000
   │ Newport Beach, CA  92660
 4 │ Tel: (949) 885-1360
   │ Fax: (949) 885-1380
 5 │ LiberatF@jacksonlewis.com
   │ LacunzaS@jacksonlewis.com
 6 │ SavalaN@jacksonlewis.com
 7 │ Attorneys for Defendants
   │ KINDER MORGAN ENERGY PARTNERS, L.P.,
 8 │ KMGP SERVICES COMPANY, INC., and
   │ KINDER MORGAN SERVICES, LLC
 9 │
10 │        SUPERIOR COURT OF THE STATE OF CALIFORNIA
11 │              FOR THE COUNTY OF ORANGE
12 │
```

ELECTRONICALLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Aug  16 2010**

ALAN CARLSON, Clerk of the Court
by R. Vavra

| | |
|---|---|
| JAMES LUGLIANI, as an individual and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br>    vs. <br><br> KINDER MORGAN, G.P., INC., a corporation; KINDER MORGAN TERMINALS, INC., a corporation; KINDER MORGAN BULK TERMINALS, INC., a corporation; KINDER MORGAN SERVICES LLC, a limited liability company; KINDER MORGAN OPERATING "A" L.P., a limited partnership; KINDER MORGAN OPERATING "D", L.P., a limited partnership; KINDER MORGAN TANK STORAGE TERMINALS, LLC, a limited liability company; KINDER MORGAN LIQUIDS TERMINALS LLC, a limited liability company; and DOES 1 through 50, inclusive, <br><br>        Defendants. | CASE NO:  30-2010 00 333949 <br><br> [*Assigned for All Purposes to the Honorable Nancy Wieben Stock*] <br><br> ANSWER OF DEFENDANTS KINDER MORGAN ENERGY PARTNERS, L.P., KMGP SERVICES COMPANY, INC., AND KINDER MORGAN SERVICES, LLC TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF <br><br> Complaint Filed:  January 6, 2010 |

/// 
/// 
///

1
Answer Of Defendants Kinder Morgan Energy Partners, L.P., KMGP Services Company, Inc. and Kinder Morgan Services, LLC To Plaintiff's Unverified Class Action Complaint For Damages And Injunctive Relief

Exhibit C Page  41

1       Defendants KINDER MORGAN ENERGY PARTNERS, L.P., KMGP SERVICES COMPANY,

2  INC., and KINDER MORGAN SERVICES, LLC ("Defendants") hereby answer Plaintiff JAMES

3  LUGLIANI'S ("Plaintiff") unverified Class Action Complaint for Damages and Injunctive Relief

4  ("Complaint") as follows:

5                          **GENERAL DENIAL**

6      Pursuant to Code of Civil Procedure § 431.30(d), Defendants deny generally and specifically

7  each and every allegation contained in Plaintiff's Complaint and deny that Plaintiff has suffered any

8  injury or been damaged in any sum whatsoever.

9                    **AFFIRMATIVE DEFENSES**

10      By way of affirmative defenses to the allegations of the Complaint herein, Defendants allege as

11  follows:

12               **FIRST AFFIRMATIVE DEFENSE**

13      1.    Plaintiff's Complaint, and each cause of action alleged therein, fails to state facts

14  sufficient to constitute a cause of action against Defendants upon which relief may be granted.

15             **SECOND AFFIRMATIVE DEFENSE**

16      2.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

17  part by the applicable statute of limitations, including but not limited to Code of Civil Procedure §§ 338,

18  338(a), 340, 340(a), 340(b), and Business and Professions Code § 17208.

19             **THIRD AFFIRMATIVE DEFENSE**

20      3.    Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrines

21  of laches, estoppel, waiver and unclean hands.

22             **FOURTH AFFIRMATIVE DEFENSE**

23      4.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

24  part because Plaintiff and/or the members of the class he seeks to represent have received all wages,

25  income, compensation and pay to which they have ever been entitled.

26              **FIFTH AFFIRMATIVE DEFENSE**

27      5.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

28  part because based on the hours worked, Plaintiff and/or the members of the class he seeks to represent

Answer Of Defendants Kinder Morgan Energy Partners, L.P., KMGP Services Company, Inc. and Kinder Morgan
Services, LLC To Plaintiff's Unverified Class Action Complaint For Damages And Injunctive Relief

Exhibit C Page  42

1   are not entitled to wages or other compensation or penalties under the California Labor Code, the

2   applicable wage orders of the California Industrial Welfare Commission and/or any other law.

### SIXTH AFFIRMATIVE DEFENSE

4       6.     Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

5   part because Plaintiff and/or the members of the class he seeks to represent were permitted to take all

6   meal periods and rest periods to which they have ever been entitled.

### SEVENTH AFFIRMATIVE DEFENSE

8       7.     Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

9   part because, based on the nature of the work, Plaintiff and/or the members of the class he seeks to

10   represent were prevented from being relieved of all duty and were provided with on-duty meal periods

11   in accordance with California law.

### EIGHTH AFFIRMATIVE DEFENSE

13       8.     Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

14   part, because Plaintiff and/or the members of the class he seeks to represent failed to work or record all

15   time worked, or take or record all meal periods taken, as reasonably permitted, expected or required by

16   Defendants.

### NINTH AFFIRMATIVE DEFENSE

18       9.     Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

19   part because Plaintiff and/or the class members of the class he seeks to represent failed to take meal

20   periods or rest periods as reasonably expected by Defendant.

### TENTH AFFIRMATIVE DEFENSE

22       10.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

23   part because, at all relevant times, Defendants maintained accurate payroll records as required by Labor

24   Code § 226.

### ELEVENTH AFFIRMATIVE DEFENSE

26       11.    Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and

27   each cause of action alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine

28   of after-acquired evidence limits and reduces Plaintiff's alleged damages.

---

Answer Of Defendants Kinder Morgan Energy Partners, L.P., KMGP Services Company, Inc. and Kinder Morgan
Services, LLC To Plaintiff's Unverified Class Action Complaint For Damages And Injunctive Relief

Exhibit C Page   43

1

2 **TWELFTH AFFIRMATIVE DEFENSE**

3    12.    Plaintiff's claim for waiting time penalties under California Labor Code § 203 is barred,

4  in whole or in part, because Defendants' conduct was not willful.

5 **THIRTEENTH AFFIRMATIVE DEFENSE**

6    13.    Plaintiff's claim for waiting time penalties under Labor Code §§ 201, 202 and 203 is

7  barred in whole or in part because, at all relevant times, Defendants paid all wages due and owing to

8  Plaintiff and/or the members of the class he seeks to represent at the time of their separation from

9  employment.

10 **FOURTEENTH AFFIRMATIVE DEFENSE**

11    14.    Defendants are entitled to a set off for amounts Plaintiff and/or the members of the class

12  he seeks to represent owe Defendants for receipt of any wages and other benefits to which they were not

13  entitled and/or did not earn.

14 **FIFTEENTH AFFIRMATIVE DEFENSE**

15    15.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

16  part to the extent Plaintiff and/or any member of the class he seeks to represent have recovered any

17  monies from Defendant, including but not limited to any settlements with Defendant, emanating from a

18  dispute over wages or benefits allegedly owed.

19 **SIXTEENTH AFFIRMATIVE DEFENSE**

20    16.    Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous,

21  unfounded, and unreasonable action, and Defendants are therefore is entitled to an award of reasonable

22  attorneys' fees upon judgment in its favor.

23 **SEVENTEENTH AFFIRMATIVE DEFENSE**

24    17.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

25  part because Defendant's business practices were not unlawful, unfair or fraudulent.

26 **EIGHTEENTH AFFIRMATIVE DEFENSE**

27    18.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

28  part because alleged practices at issue are not unfair, the public is not likely to be deceived by any

Answer Of Defendants Kinder Morgan Energy Partners, L.P., KMGP Services Company, Inc. and Kinder Morgan
Services, LLC To Plaintiff's Unverified Class Action Complaint For Damages And Injunctive Relief

Exhibit C Page  44

1    alleged practices, Defendants gained no competitive advantage by such practices, and the benefits of the

2    alleged practices outweigh any harm or other impact they may cause.

3                          **NINETEENTH AFFIRMATIVE DEFENSE**

4          19.     Plaintiff is not entitled to equitable or injunctive relief as prayed for in the Complaint

5    because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendants, and

6    Plaintiff has an adequate remedy at law for any such alleged conduct.

7                          **TWENTIETH AFFIRMATIVE DEFENSE**

8          20.     Plaintiff has not and cannot satisfy the requirements of Code of Civil Procedure § 382.

9                          **TWENTY-FIRST AFFIRMATIVE DEFENSE**

10         21.     Plaintiff has not and cannot satisfy the requirements of Code of Civil Procedure § 382

11   because the legal issues raised by the Complaint require a detailed, fact-specific and individualized

12   inquiry that must be decided employee-by-employee for each and every day, workweek or relevant

13   situation.

14                        **TWENTY-SECOND AFFIRMATIVE DEFENSE**

15         22.     This case is not appropriate for class certification because Plaintiff is not able to fairly

16   and adequately represent and protect the interests of all members of the putative class or of any putative

17   subclass.

18                        **TWENTY-THIRD AFFIRMATIVE DEFENSE**

19         23.     This case is not appropriate for class certification because Plaintiff fails to satisfy the

20   prerequisites for class certification and, as such, Plaintiff lacks standing and cannot represent the

21   interests of others as to each of the purported causes of action.

22                        **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23         24.     This case is not appropriate for class certification because the claims of Plaintiff are not

24   typical of the claims of the putative class, and Plaintiff is not an adequate representative of the alleged

25   putative class members.

26                        **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

27         25.     This case is not appropriate for class certification because, with respect to the types of

28   claims alleged by Plaintiff and/or the members of the class he seeks to represent, the existence of which

Exhibit C Page  45

1  are expressly denied, individual questions predominate.

2  <center>**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</center>

3      26.    This case is not appropriate for class certification because certain of the interests of

4  Plaintiff and/or the members of the class he seeks to represent are in conflict with the interests of all or

5  certain sub-groups of the members of the alleged class of persons whom Plaintiff purports to represent.

6  <center>**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</center>

7      27.    This case is not appropriate for class certification because the facts and law common to

8  the case are insignificant compared to the individual facts and issues particular to Plaintiff and/or the

9  members of the class he seeks to represent.

10  <center>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</center>

11      28.    This case is not appropriate for class certification because a far speedier administrative

12  remedy before the California State Labor Commissioner is available to Plaintiff and/or the members of

13  the class he seeks to represent and, thus, class treatment is not the superior method for resolving the

14  alleged claims of unpaid wages.

15  <center>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</center>

16      29.    This case is not appropriate for class certification because the class as a whole and/or any

17  sub-classes within the class as a whole are not sufficiently numerous.

18  <center>**THIRTIETH AFFIRMATIVE DEFENSE**</center>

19      30.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

20  part to the extent that Plaintiff and/or the members of the class he seeks to represent previously pursued

21  the same claim before the state Division of Labor Standards Enforcement or the United States

22  Department of Labor.

23  <center>**THIRTY-FIRST AFFIRMATIVE DEFENSE**</center>

24      31.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in

25  part because Defendants KMGP Services Company, Inc. and/or Kinder Morgan Services, LLC were not

26  Plaintiff's employer.

27  ///

28  ///

<center>6</center>

---

<center>Answer Of Defendants Kinder Morgan Energy Partners, L.P., KMGP Services Company, Inc. and Kinder Morgan
Services, LLC To Plaintiff's Unverified Class Action Complaint For Damages And Injunctive Relief</center>

Exhibit C Page  46

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2    32.    Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully

3  anticipate all defenses that may be applicable to this action.  Accordingly, Defendants' right to assert

4  additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

5

6    WHEREFORE, Defendants prays as follows:

7    1.    That Plaintiff take nothing by reason of his Complaint;

8    2.    That the Complaint be dismissed in its entirety with prejudice;

9    3.    That Defendants recover its costs of suit and attorneys' fees incurred herein, including

10        prevailing party attorney fees pursuant to California Civil Code §§ 3248 and 3250; and

11    4.    For such other and further relief as the Court may deem just and proper.

12

13  Dated: August 16, 2010              JACKSON LEWIS LLP

14

15                      By: _____

16                          Frank Liberatore
                           Scott C. Lacunza

17                      Attorneys for Defendants
                       KINDER MORGAN ENERGY PARTNERS, L.P.,

18                      KMGP SERVICES COMPANY, INC., and
                       KINDER MORGAN SERVICES, LLC

19

20

21

22

23

24

25

26

27

28

7

Answer Of Defendants Kinder Morgan Energy Partners, L.P., KMGP Services Company, Inc. and Kinder Morgan
Services, LLC To Plaintiff's Unverified Class Action Complaint For Damages And Injunctive Relief

Exhibit C Page  47