1  PETER M. HART (State Bar No. 198691)
2  **LAW OFFICES OF PETER M. HART**
3  13952 Bora Bora Way, F-320
   Marina Del Rey, CA 90292
4  Telephone: (310) 478-5789
   Facsimile: (509) 561-6441
5  hartpeter@msn.com
6
7  KENNETH H. YOON (State Bar No. 198443)
   **LAW OFFICES OF KENNETH H. YOON**
8  One Wilshire Blvd., Suite 2200
9  Los Angeles, CA 90017
   Telephone:  (213) 612-0988
10 Facsimile:  (213) 947-1211
11 kyoon@yoon-law.com
12
   Attorneys for Plaintiff James Lugliani
13
14                 **UNITED STATES DISTRICT COURT**
15    **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

16 | JAMES LUGLIANI, as an individual | Case No.:  SA10CV-01303 DOC
17 | and on behalf of all others similarly | (VBKx)
   | situated,
18 |
19 |                  Plaintiff, | **SECOND AMENDED CLASS
   |                  | ACTION COMPLAINT FOR
20 |        vs. | DAMAGES AND INJUNCTIVE
   |          | RELIEF FOR:**
21 | KINDER MORGAN, G.P., INC., a |
22 | Delaware corporation; KINDER | **(1) VIOLATION OF LABOR
   | MORGAN TERMINALS, INC., a | CODE § 227.3;**
23 | Delaware corporation; KINDER |
24 | MORGAN BULK TERMINALS, INC., | **(2) VIOLATION OF LABOR
   | a Louisiana corporation; KINDER | CODE § 226.7;**
25 | MORGAN SERVICES LLC, a |
26 | Delaware limited liability company; | **(3) FAILURE TO PAY
   | KINDER MORGAN OPERATING | OVERTIME WAGES;**
27 | "A" L.P., a Delaware limited |
   | partnership; KINDER MORGAN | **(4)  FAILURE TO PAY FINAL
28 | OPERATING "D", L.P., aDelaware | WAGES PURSUANT TO § 201-
   |          | 204;**

1

| | |
|---|---|
| 1 | limited partnership; KINDER MORGAN TANK STORAGE TERMINALS LLC, a Delaware limited liability company; KINDER MORGAN LIQUIDS TERMINALS LLC, a Delaware limited liability company, KINDER MORGAN ENERGY PARTNERS, L.P. a Delaware limited partnership, and KMGP SERVICES COMPANY, INC, a Delaware corporation, |

1  limited partnership; KINDER
2  MORGAN TANK STORAGE
3  TERMINALS LLC, a Delaware limited
   liability company; KINDER MORGAN
4  LIQUIDS TERMINALS LLC, a
   Delaware limited liability company,
5  KINDER MORGAN ENERGY
6  PARTNERS, L.P. a Delaware limited
   partnership, and KMGP SERVICES
7  COMPANY, INC, a Delaware
8  corporation,
9
            Defendants.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(5) VIOLATION OF LABOR CODE § 226;**

**(6) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.);**

**DEMAND FOR JURY TRIAL**

2

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiffs James Lugliani and Chris Willis (hereinafter referred to as

2  "Plaintiffs"), hereby submits their Second  Amended Complaint against

3  Defendants KINDER MORGAN G.P., INC., KINDER MORGAN TERMINALS,

4  INC., KINDER MORGAN BULK TERMINALS, INC., KINDER MORGAN

5  SERVICES LLC, KINDER MORGAN OPERATING "A" L.P., KINDER

6  MORGAN OPERATING "D", L.P., KINDER MORGAN TANK STORAGE

7  TERMINALS LLC, KINDER MORGAN LIQUIDS TERMINALS LLC,

8  KINDER MORGAN ENERGY PARTNERS, L.P., and KMGP SERVICES

9  COMPANY, INC. (hereinafter collectively referred to as "DEFENDANTS") on

10  behalf of themselves and others similarly situated current and former employees of

11  DEFENDANTS for vacation wages, meal period wages and rest period wages,

12  overtime wages, late payment of wages, waiting time penalties, and for failure to

13  keep accurate records, for all periods of time these employees were not subject to a

14  collective bargaining agreement with any of the Defendants, as follows:

15                              **INTRODUCTION**

16      **1.**      This action is within the Court's jurisdiction under California <u>Labor</u>

17  <u>Code</u> §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2 and California <u>Business and</u>

18  <u>Professions Code</u> § 17200, et seq., (Unfair Practices Act) pursuant to Defendants'

19  removal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332,

20  1441(a) & 1446.

21      **2.**      This complaint challenges systemic illegal employment practices

22  resulting in violations of the California <u>Labor Code</u> and <u>Business and Professions</u>

23  <u>Code</u> against employees of DEFENDANTS.

24      **3.**      Plaintiffs are informed and believe and based thereon allege

25  DEFENDANTS, joint and severally have acted intentionally and with deliberate

26  indifference and conscious disregard to the rights of all employees in failing to

27  provide meal periods and rest periods, failing to pay meal period premiums and

28  rest period premiums, failure to pay all overtime wages due, failing to pay wages

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   in a timely fashion, including at the end of employment, failure to pay vacation

2   wages (including, but not limited to, paid time off, floating holiday, and/or

3   personal days, and hereafter referring to all such days) and failure to keep proper

4   payroll records.

5        **4.**    Plaintiffs are informed and believe and based thereon allege

6   DEFENDANTS have engaged in, among other things a system of willful

7   violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and

8   applicable IWC wage orders by creating and maintaining policies, practices and

9   customs that: (a) fail to pay all final wages in a timely fashion; (b) fail to pay

10   proper overtime wages, (c) fail to pay all meal period wages owed and rest period

11   wages owed, (d) fail to pay vacation wages, and (e) and fail to keep proper records

12   pursuant to Labor Code § 226.

13        **5.**    The policies, practices and customs of defendants described above and

14   below have resulted in unjust enrichment of DEFENDANTS and an unfair

15   business advantage over businesses that routinely adhere to the strictures of the

16   California <u>Labor Code</u>, <u>Business and Professions Code</u>.

17

18   **JURISDICTION AND VENUE**

19        **6.**    The Court has jurisdiction over the violations of the California <u>Labor</u>

20   <u>Code</u> §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2 and California <u>Business and</u>

21   <u>Professions Code</u> § 17200, et seq., (Unfair Practices Act) pursuant to Defendants'

22   removal under the Class Action Fairness Act ("CAFA"), 28 U.S. C. §§ 1332,

23   1441(a) & 1446.  This case was originally filed in the Superior Court for the

24   County of Orange, and was subsequently removed to the District Court for the

25   Central District of California, Southern Division, pursuant to CAFA.

26        **7.**    Venue is proper because the DEFENDANTS do business in the State

27   of California and in the County this action was filed in.

28

4

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **PARTIES**

**8.**     Plaintiff JAMES LUGLIANI is informed and believes and based thereupon alleges he was employed by DEFENDANTS as a non-exempt employee entitled to overtime from January 2002 until on or about September 2008.  During the time of his employment by Defendants, Plaintiff was subject to the payroll and human resources policies of Defendants.  During Plaintiff's employment with Defendants, Plaintiff worked overtime (i.e., more than 8 hours in a workday and/or 40 hours in a workweek) without being paid the proper amount of overtime pay or double time pay.  In addition, during his employment with Defendants, including during pay periods wherein Plaintiff worked overtime, Plaintiff also earned shift differential pay / non-discretionary commissions / bonuses / incentive pay and DEFENDANTS did not calculate and/or factor such non-discretionary shift differential pay / commissions / bonuses / incentive pay into Plaintiff's regular rate of pay for purposes of calculating overtime pay, and as such, owes Plaintiff additional overtime pay.  DEFENDANTS also did not pay Plaintiff all meal period wages when owed and did not provide meal periods in compliance with California law or rest breaks in compliance with California law and improperly required him to waive in writing legally mandated meal periods.  DEFENDANTS did not pay meal or rest period premiums for meal periods not provided and for meal periods required to be waived and for rest periods not provided or waived.  Additionally, DEFENDANTS did not pay Plaintiff all of his vested unused vacation wages at the end of his employment and still have not paid these wages.  Finally, DEFENDANTS did not keep accurate records of Plaintiff's work and payment. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2 California Business and Professions Code § 17200, et seq., (Unfair

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Practices Act).

2        **9.** Plaintiff CHRIS WILLIS is informed and believes and based thereupon

3    alleges he was employed by DEFENDANTS as a non-exempt operator employee

4    entitled to overtime from October 2007 until on or about January 2010. During the

5    time of his employment by Defendants, Plaintiff was subject to the payroll and

6    human resources policies of Defendants. During Plaintiff's employment with

7    Defendants, Plaintiff worked overtime (i.e., more than 8 hours in a workday and/or

8    40 hours in a workweek) without being paid the proper amount of overtime pay or

9    double time pay. In addition, during his employment with Defendants, including

10   during pay periods wherein Plaintiff worked overtime, Plaintiff also earned shift

11   differential pay / non-discretionary commissions / bonuses / incentive pay and

12   DEFENDANTS did not calculate and/or factor such non-discretionary shift

13   differential pay / commissions / bonuses / incentive pay into Plaintiff's regular rate

14   of pay for purposes of calculating overtime pay, and as such, owes Plaintiff

15   additional overtime pay. DEFENDANTS also did not pay Plaintiff all meal period

16   wages when owed and did not provide meal periods in compliance with California

17   law or rest breaks in compliance with California law and improperly required him

18   to waive in writing legally mandated meal periods. DEFENDANTS did not pay

19   meal or rest period premiums for meal periods not provided and for meal periods

20   required to be waived and for rest periods not provided or waived. Additionally,

21   DEFENDANTS did not pay Plaintiff all of his vested unused vacation wages at the

22   end of his employment and still have not paid these wages. Finally,

23   DEFENDANTS did not keep accurate records of Plaintiff's work and payment.

24   Plaintiff was and is a victim of the policies, practices and customs of

25   DEFENDANTS complained of in this action in ways that have deprived him of the

26   rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3,

27   1194, 1194.2 California Business and Professions Code § 17200, et seq., (Unfair

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Practices Act)

**10.**     Plaintiffs are informed and believe and based thereon allege Defendants KINDER MORGAN G.P., INC., KINDER MORGAN TERMINALS, INC., KINDER MORGAN SERVICES LLC, KINDER MORGAN OPERATING "A" L.P., KINDER MORGAN OPERATING "D", L.P., KINDER MORGAN TANK STORAGE TERMINALS LLC, KINDER MORGAN LIQUIDS TERMINALS LLC, KINDER MORGAN ENERGY PARTNERS, L.P., KMGP SERVICES COMPANY, INC., are  Delaware partnerships, corporations, and limited liability companies doing business throughout the State of California, including the County of Orange,and across the United States, providing energy services, pipeline services, and related energy products and services.

**11.**     Plaintiffs are informed and believe and based thereon allege Defendant KINDER MORGAN BULK TERMINALS, INC. is a Louisiana corporation doing business in the State of California, including the County of Orange, and across the United States, providing energy services, pipeline services, and related energy products and services. .

**12.**     Plaintiffs are informed and believe and based thereon allege that the payroll and human  resources of Defendants that were applied to him also applied to other workers who worked at other of Defendants' facilities and jobsites throughout the State of California.

**13.**     Plaintiffs are informed and believe and based thereon allege that each of the Defendant entities are wholly owned by Defendant Kinder Morgan Energy Partners, L.P. and are not separate entities for purposes of payroll or human resources, but rather are separate entities for some other unrelated purpose.

**14.**     As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, 1194.2, 2698 et seq. and

1   California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

2      **15.**    At all times herein mentioned, each of said DEFENDANTS

3 participated in the doing of the acts hereinafter alleged to have <u>been done by</u> the

4 named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them,

5 <u>were the agents, servants an</u>d employees of each of the other DEFENDANTS, as

6 well as the agents of all DEFENDANTS, and at all times herein mentioned, were

7 acting within the course and scope of said agency and employment.

8      **16.**    Plaintiffs are informed and believe and based thereon allege that at all

9 times material hereto, each of the DEFENDANTS named herein was the agent,

10 employee, alter ego and/or joint venturer of, or working in concert with each of the

11 other co-DEFENDANTS and was acting within the course and scope of such

12 agency, employment, joint venture, or concerted activity.  To the extent said acts,

13 conduct, and omissions were perpetrated by certain DEFENDANTS, each of the

14 remaining DEFENDANTS confirmed and ratified said acts, conduct, and

15 omissions of the acting DEFENDANTS.

16      **17.**    At all times herein mentioned, DEFENDANTS, and each of them,

17 were members of, and engaged in, a joint venture, partnership and common

18 enterprise, and acting within the course and scope of, and in pursuance of, said

19 joint venture, partnership and common enterprise.

20      **18.**    At all times herein mentioned, the acts and omissions of various

21 DEFENDANTS, and each of them, concurred and contributed to the various acts

22 and omissions of each and all of the other DEFENDANTS in proximately causing

23 the injuries and damages as herein alleged.  At all times herein mentioned,

24 DEFENDANTS, and each of them, ratified each and every act or omission

25 complained of herein.  At all times herein mentioned, the DEFENDANTS, and

26 each of them, aided and abetted the acts and omissions of each and all of the other

27 DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ALLEGATIONS

**19.    Definition:** The named individual Plaintiffs bring this action on behalf of themselves and other similarly situated persons pursuant to Fed. R. Civ. P. Rules 23(a) and (b)(3).  The Classes consists of:

(1) all former employees of DEFENDANTS who were employed in California from January 6, 2006 through the present to whom DEFENDANTS applied vacation policies including but not limited to, vacation pay, paid time off, personal day pay, floating holiday pay, personal holiday pay, and/or incidental time off, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants,

(2) all past and current employees called operator or lead operator or who did the work of operators or similar work of DEFENDANTS employed in California during the period from January 6, 2006 to the present who were classified as non-exempt, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants,

(3) all past and current non-exempt classified employees of Defendants of DEFENDANTS employed in California during the period from January 6, 2006 who signed meal period waivers, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants,

(4) all past and current non-exempt classified employees of Defendants of DEFENDANTS employed in California during the period from January 6, 2006 for whom there is no record of a beginning and end of all mandated meal periods, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants,

(5) all past and present employees of DEFENDANTS, classified by

9

DEFENDANTS as non-exempt employees and employed in California from January 6, 2006 through the present who worked more than 8 hours in a workday or 40 hours in a work week, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants,

 (6) all past and current employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from January 6, 2006 through the present, who were paid overtime wages and were also paid shift differential pay and/or commission wages and/or bonuses, and/or other non-discretionary incentive pay, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants,

(7) all past and current employees of DEFENDANTS, classified by DEFENDANTS as non-exempt employees and employed in California from January 6, 2006 through the present, who had the job title Operator, including but not limited to the titles Operator 1, Operator 2, Operator 3, and Lead Operator, for all periods of time these employees were not subject to a collective bargaining agreement with any of the Defendants.

**20.   Numerosity:** The members of the class exceed 100 persons and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that (a) non-exempt class members regularly were denied payment of all overtime wages due and denied payment of overtime wages at the proper rate of overtime pay, (b) class members were not paid all meal period wages or rest period wages earned and were not provided meal periods or rest periods in violation of Labor Code § 226.7, (c) Defendants violated Labor

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Code § 227.3 by failing to pay out all unused vested vacation wage to employees at the end of their employment, (d) class members were not paid all wages in a timely fashion based on DEFENDANTS own records, including all wages at the end of employment based on Defendants' own records, and (e) DEFENDANTS did not maintain accurate records pursuant to California Labor Code § 226.

21.  **Adequacy of Representation**: The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above.  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiffs.  Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

22.  DEFENDANTS uniformly administered a corporate policy, practice and/or of not paying members of the class all overtime and commission wages earned, and violated Labor Code §§ 227.3 with respect to their employees and uniformly paid their employees wages late.  Plaintiffs are informed and believe and based thereon allege this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

23.  In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section.  Plaintiffs are informed and believe and based thereon allege this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

24.  Plaintiffs are informed and believe and based thereon allege DEFENDANTS, in violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully

1  failing to comply with <u>Labor Code</u> §§ 203, 226, 226.7, 227.3, 1194, and 1194.2.

2  Plaintiffs and other members of the class did not secret or absent themselves from

3  DEFENDANTS, nor refuse to accept the earned and unpaid wages from

4  DEFENDANTS.  Accordingly, DEFENDANTS are liable for waiting time

5  compensation for the unpaid wages to separated employees pursuant to California

6  <u>Labor Code</u> § 203.

7      **25.**   As a pattern and practice and matter of corporate policy, in violation

8  of the aforementioned labor laws, DEFENDANTS committed unfair practices

9  based on the claims alleged in the preceding paragraph.

10      **26.**   **Common Question of Law and Fact:**  There are predominant

11  common questions of law and fact and a community of interest amongst Plaintiffs

12  and the claims of the class concerning whether (a) class members regularly were

13  denied payment of all overtime wages at the proper rate of overtime pay, (b) class

14  members regularly were denied payment of all overtime wages due for overtime

15  hours worked, (c) DEFENDANTS did not pay all wages in a timely fashion under

16  California law, (d) Defendants violated Labor Code § 227.3 by failing to pay all

17  vested vacation wages at the end of employment, (e) whether Defendants provided

18  meal periods in compliance with California law, (f) whether Defendants provided

19  rest periods in compliance with California law, (g) whether waiting time penalties

20  are owed to class members, and (h) DEFENDANTS did not maintain accurate

21  records of class members in violation of California <u>Labor Code</u> §§ 226.

22  DEFENDANTS' employment policies and practices wrongfully and illegally

23  failed to compensate Plaintiffs and the other members of the class as required by

24  California law.

25      **27.**   **Typicality:**  The claims of Plaintiffs are typical of the claims of all

26  members of the class.  Plaintiffs are members of the class and have suffered the

27  harms alleged violations of California <u>Labor Code</u> §§ 201-204, 226, 226.7, 227.3,

1194, 1194.2.

**28.**    The California <u>Labor Code</u> and upon which Plaintiffs bases their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

**29.**    The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**30.**    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

**31.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid commission, overtime and vacation wages and meal and rest period wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, 226.7, 227.3, & 1194, 1194.2 and Code of Civil Procedure § 1021.5.

**32.** Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representatives of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

**33.** The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 227.3 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

**34.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

**35.** This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages of their employees.

**36.**     Plaintiffs had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid out to them in a timely fashion at the end of their employment in violation of Labor Code § 227.3.

**37.**     As a matter of uniform corporate policy and procedure and practices DEFENDANTS violated Labor Code § 227.3 by failing to pay Plaintiffs and members of the class all vested vacation wages at the end of their employment. The uniform policy of not paying Plaintiffs and members of the class all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of Labor Code § 227.3.

**38.**     The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiffs' and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under Labor Code § 203, as penalties for Plaintiffs and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

**39.**     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action for damages and wages owed and for costs and attorney's fees.

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226.7**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

**40.**     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 as though fully set forth herein.

**41.**     At all times relevant herein, DEFENDANTS were required to provide meal periods and rest periods in compliance with California Labor Code § 226.7.

15

**42.**     As a pattern and practice, DEFENDANTS regularly denied Plaintiffs and class members meal periods and regularly failed to provide meal periods as a matter of policy, practice, and procedure.  As a pattern and practice, DEFENDANTS regularly denied Plaintiffs and class members rest periods and regularly failed to provide rest periods as a matter of policy, practice, and procedure.

**43.**     As a pattern and practice, DEFENDANTS regularly staffed shifts in a way that did not allow their employees to take mandated meal periods or rest periods.  As a pattern and practice, DEEFENDANTS regularly failed to schedule meal periods or to record meal periods.  As a pattern and practice, DEEFENDANTS required Plaintiffs and similarly situated employees waive their legally mandated meal periods.  DEFENDANTS failed to provide sufficient and proper fully relieved from duty rest periods. DEFENDANTS failed to pay meal period premium wages for such violations and failed to pay rest period premiums for such violations.

**44.**     Plaintiffs and employees similarly situated was required to work through his meal periods and rest periods without the payment of meal period premium wages or rest period premium wages.  DEFENDANTS did not keep a record of the beginning and end of Plaintiffs' and class members' meal periods.

**45.**     Plaintiffs are informed and believe and based thereon allege DEFENDANTS willfully failed to pay employees proper compensation for all meal period wages and rest period wages earned.  Plaintiffs are informed and believe and based thereon allege DEFENDANTS' willful failure to provide all meal premium wages and rest period premium wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and other members of the class who have separated from employment are entitled to

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

compensation pursuant to <u>Labor Code</u> § 203.

46.   Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 218.5, et seq.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

47.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 46 as though fully set forth herein.

48.   At all times relevant herein, DEFENDANTS were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California <u>Labor Code</u> § 1194.  Plaintiffs were employed by DEFENDANTS as a non-exempt employee entitled to overtime wages.  During Plaintiffs' employment with Defendants, Plaintiffs worked overtime hours, specifically, Plaintiffs worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay.  Plaintiffs worked more than 7 days in a row without the proper payment of overtime wages. Further, during his employment with Defendants, including during pay periods wherein Plaintiffs worked overtime, Plaintiffs also earned non-discretionary commissions, bonuses, shift differential pay, and incentive pay.  DEFENDANTS did not calculate and/or factor such non-discretionary commissions, bonuses, shift differential, and incentive pay into Plaintiffs' regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owe Plaintiffs additional overtime pay.  Further, during his employment with DEFENDANTS,

17

Plaintiffs worked more than 8 hours in work-shifts that were split between the work days of DEFENANTS without the proper payment of overtime wages for these work-days.

49.   As a pattern and practice, DEFENDANTS failed to include all paid non-discretionary commissions, bonuses and other incentive pay into the regular rate when calculating and paying Plaintiffs and DEFENDANTS' other non-exempt California employees proper overtime compensation for daily and weekly overtime hours worked at the appropriate overtime rate.

50.   Further, because of DEFENDANTS' systemic payroll processes that required Plaintiffs, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive their earned wages, Plaintiff sand the class were not paid all of their overtime pay upon termination of employment, and accordingly are owed overtime wages.

51.   Plaintiffs are informed and believe and based thereon allege that DEFENDANTS' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code § 1194 and California Industrial Welfare Commission wage order(s).  DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiffs and the class for overtime compensation earned as required by California law.

52.   The conduct of DEFENDANTS and their agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

53.   Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay.  Plaintiffs are

18

informed and believe and based thereon allege that DEFENDANTS' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

54.   Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 1194, et seq.

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204

### (AGAINST ALL DEFENDANTS BY PLAINTIFFS)

55.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 as though fully set forth herein.

56.   At all times relevant herein, DEFENDANTS were required to pay their employees all wages owed in a timely fashion during and at the end of their employment pursuant to California Labor Code §§ 201 to 204.

57.   As a pattern and practice, DEFENDANTS routinely required Plaintiffs, and the class, to wait more than the allowable amount of time under Labor Code § 204 to receive his earned wages.

58.   As a pattern and practice, DEFENDANTS regularly failed to pay Plaintiffs and class members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

59.   The conduct of DEFENDANTS and their agents and employees as

1  described herein was willfully done in violation of Plaintiffs and class members'
2  rights, and done by managerial employees of DEFENDANTS.

3      **60.**    Plaintiffs are informed and believe and based thereon allege
4  DEFENDANTS' willful failure to pay wages due and owing them upon separation
5  from employment results in a continued payment of wages up to thirty (30) days
6  from the time the wages were due.  Therefore, Plaintiffs and class members who
7  have separated from employment are entitled to compensation pursuant to <u>Labor</u>
8  <u>Code</u> § 203.

9              **FIFTH CAUSE OF ACTION**
10     **FOR VIOLATION OF <u>LABOR CODE</u> § 226 REGARDING RECORD**
11                    **KEEPING**
12        **(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

13     **61.**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through
14  60 as though fully set forth herein.

15     **62.**    DEFENDANTS failed in their affirmative obligation to keep <u>accurate</u>
16  payroll records of their California employees.  DEFENDANTS, as a matter of
17  policy and practice, did not maintain accurate records in violation of Labor Code §
18  226.

19     **63.**    For example, as a matter of policy and practice, among the violations
20  of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiffs'
21  and the class members rates of pay, rates of overtime pay (as a result of
22  DEFENDANTS' failure to calculate the proper rate of overtime pay due to not
23  including all shift differentials and other incentive/bonus/commissions wages), net
24  wages earned, daily or weekly overtime pay, commissions earned and/or vacation
25  earned, pay periods in which wages were earned, pay periods in which wages were
26  earned and paid, time worked and hours worked, including by not keeping a record
27  of the beginning and end of Plaintiffs' and class members' meal periods, and who

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

failed to state the name of the legal entity who is the employer.

**64.** As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep <u>accurate</u> records regarding the wages earned in pay periods of their California employees.

**65.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the classes identified herein, in a civil action, for all damages and/or penalties pursuant to <u>Labor Code</u> § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 226.

**66.** DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with <u>Labor Code</u> § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**SIXTH CAUSE OF ACTION**

**FOR VIOLATION OF <u>BUSINESS AND PROFESSIONS CODE</u> § 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFFS)**

**67.** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 66 as though fully set forth herein.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

68.     DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not compensating employees for all overtime hours worked and at the proper rate of overtime pay, (b) not paying all meal period wages and rest period wages, and (c) forfeiting earned and unused vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay).

69.     DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

70.     Plaintiffs seek, on their own behalf, and on behalf of other members of the classes similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

71.     Plaintiffs seek, on their own behalf, and on behalf of other members of the classes similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

72.     The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

73.     Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs and other members of the classes the minimum working condition standards and conditions due to them under the California laws and Industrial

Welfare Commission wage orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiffs as the representatives of the Classes;

3. For an order appointing Counsel for Plaintiffs as class counsel;

4. Upon the First Cause of Action, for all vacation wages owed (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay), and for waiting time penalties according to proof pursuant to California Labor Code § 203;

5. Upon the Second Cause of Action, all meal wages period wages and rest period wages owed and for waiting time penalties according to proof pursuant to California Labor Code § 203;

6. Upon the Third Cause of Action, for all overtime wages owed and for waiting time wages according to proof pursuant to California Labor Code § 203;

7. Upon the Fourth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203

8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

9. Upon the Sixth Cause of Action, for restitution to Plaintiffs and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

10. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, 1194, 1194.2, 2698 et seq. and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

**Dated:  November 22, 2010          LAW OFFICES OF KENNETH H. YOON**

**By: _____/s/_____** _/s/_

**Kenneth H. Yoon**
**Attorney for Plaintiffs and the classes**

**DEMAND FOR JURY TRIAL**

Plaintiffs, for themselves and the classes, hereby demand a jury trial as provided by law.

**DATED:  November 22, 2010          LAW OFFICES OF KENNETH H. YOON**

**By: _____/s/_____**

**Kenneth H. Yoon**
**Attorney for Plaintiffs and the classes**