1  PETER M. HART (State Bar No. 198691)
   hartpeter@msn.com
2  AMBER S. HEALY (State Bar No. 232730)
   ahealy.loph@gmail.com
3  **LAW OFFICES OF PETER M. HART**
   12121 Wilshire Blvd, Suite 205
4  Los Angeles, CA 90025
   Telephone: (310) 478-5789
5  Facsimile: (509) 561-6441

6  KENNETH H. YOON (State Bar No. 198443)
   kyoon@yoon-law.com
7  STEPHANIE E. YASUDA (State Bar No. 265480)
   syasuda@yoon-law.com
8  **LAW OFFICES OF KENNETH H. YOON**
   One Wilshire Boulevard, Suite 2200
9  Los Angeles, California 90017-3383
   Telephone: (213) 612-0988
   Facsimile: (213) 947-1211

10 Attorneys for Plaintiffs James Lugliani
   and Chris Willis

# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUGLIANI, as an individual and on behalf of all others similarly situated, | Case No.: SACV 10-1303-JAK(VBKx) |
| Plaintiff, | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF CLASS REPRESENTATIVE'S SERVICE PAYMENT, ATTORNEYS' FEES AND LITIGATION COSTS, AND CLAIMS ADMINISTRATOR'S COSTS AND ENTERING FINAL JUDGMENT** |
| vs. | |
| KINDER MORGAN ENERGY PARTNERS, L.P., a limited partnership; KINDER MORGAN TERMINALS, INC., a corporation; KINDER MORGAN BULK TERMINALS, INC., a corporation; KINDER MORGAN SERVICES LLC, a limited liability company; KINDER MORGAN OPERATING "A" L.P., a limited partnership; KINDER MORGAN OPERATING "D", L.P., a limited partnership; KINDER MORGAN TANK STORAGE TERMINALS LLC, a limited liability company; KINDER MORGAN LIQUIDS TERMINALS LLC, a limited liability company; and DOES 1 through 50, inclusive, | Date:  February 27, 2012<br>Time:  8:30 a.m.<br>Court: 750 |
| Defendants. | |

i

[PROPOSED] ORDER
CASE NO. SACV 10-1303-JAK (VBKx)

On February 27, 2012, a hearing was held on the motion of Plaintiffs James Lugliani and Chris Willis, as individuals and as representatives of the Class ("Plaintiffs") for final approval of the proposed Joint Stipulation of Class Action Settlement.

On August 15, 2011, Plaintiffs and Defendants Kinder Morgan Energy Partners, L.P., Kinder Morgan Terminals, Inc., Kinder Morgan Bulk Terminals, Inc., Kinder Morgan Services, LLC, Kinder Morgan Operating "A" L.P., Kinder Morgan Operating "D", L.P., Kinder Morgan Tank Storage Terminals, LLC, and Kinder Morgan Liquids Terminals LLC (collectively referred to as "Defendants") (collectively with Plaintiff as the "Parties") filed their Joint Stipulation of Class Action Settlement (the "Agreement" or "Settlement").

On September 22, 2011, the Court issued an Order (1) preliminarily approving the proposed class action settlement, (2) conditionally certifying the settlement class, (3) directing mailing of notice and claim form to the class, and (4) setting the schedule for the final approval process and final approval hearing, which specified the manner in which notice of the proposed Settlement was to be provided to the Settlement Class and scheduled a Final Approval and Fairness Hearing.

The Court having read and considered the papers on the motion, the response of the Settlement Class Members to the Notice of Settlement, the arguments of counsel, and the evidence and law, and good cause appearing therefore, the Court hereby grants Plaintiffs' Motion in its entirety ("Final Order") and HEREBY FINDS and ORDERS as follows:  Except as otherwise specified herein, for purposes of this Final Order, the Court adopts and incorporates by reference all defined terms set forth in the Agreement.  This Court has jurisdiction over the subject matter of this Action and all parties to the proceeding.  Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.  This Court also has supplemental jurisdiction over the state-law claims asserted by Plaintiffs because the state-law claims derive from

a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. 28 U.S.C. §1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy").

1. The proposed settlement class ("Class"), identified in the Court's September 22, 2011 Order granting preliminary approval of this class action settlement ("Preliminary Approval Order") and incorporated herein by reference, satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

2. Notice to the Class was provided in the manner and form set forth in the Preliminary Approval Order, as amended. The Claims Administrator took reasonable steps to provide the Notice of Class Action Settlement and Notice of Settlement Payment to Class Members when it learned that the address to which those documents were mailed was no longer accurate. These documents informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement. Notice was provided with ample time for the Class Members to follow these procedures.

3. The Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement. The Court finds that the notice provided notice to all persons entitled to such notice in this case, was the best notice practicable, and, therefore, fully satisfied the requirements of due process, such that all absent class members have been given the

1  opportunity to participate fully in the claims exclusion and the approval process.

2         4.     There were no objections to the Final Approval of this Settlement in
3  response to the notice.  The Court grants final approval of the Settlement between the
4  Parties.   Pursuant to Rule 23(e), the Court finds that the Settlement is fair, just,
5  reasonable, and adequate to the Class when balanced against the probable outcome of
6  extensive and costly litigation.  *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003).
7  Substantial formal and informal discovery, investigation, and research have been
8  conducted such that the Parties' respective counsel at this time are reasonably able to
9  evaluate their respective positions.  It appears to the Court that settlement will avoid
10 substantial additional costs by all parties, as well as the delay and risk that would be
11 presented by further prosecution of this action.  The Court finds that the settlement that
12 has been reached as the result of intensive, noncollusive, arm's-length negotiations,
13 thorough factual and legal investigation, and the good faith exchange of information and
14 documents.  In granting final approval of the Settlement, the Court considered the nature
15 of the claims, the amounts and kinds of benefits paid in settlement, the allocation of the
16 settlement proceeds amount the Class Members, and the fact that the settlement
17 represents a compromise of the Parties' respective positions rather than the result of a
18 finding of liability at trial.  The Court further finds that the response of the Class to the
19 Settlement supports final approval, as no Class Member objects to the final approval of
20 this Settlement.

21         5.     The Court hereby finds the Gross Settlement Amount to be fair,
22 adequate and reasonable. Payment to those eligible Class Members who did not opt out
23 shall be made in accordance with the terms of the Settlement.  The Court orders the
24 Parties to implement and comply with the Settlement according to its terms and the
25 Court's orders. As provided in the Settlement, all of the Released Claims of each Class
26 Member who did not timely opt out, are and shall be deemed to be conclusively released
27 as against the Releasees.  As of the date of this Final Order, all Class Members who did
28

1  not timely opt out/request exclusion are bound by this Final Order and Judgment, and
2  the Settlement.  Except as to rights or claims that may be created by the Settlement, all
3  Class Members as of the date of this Final Order who did not timely opt out are forever
4  barred and enjoined from commencing or prosecuting any of the claims, either directly
5  representatively, or in any other capacity, that are released by the Settlement against any
6  of the Releasees.  This Final Order shall have the force and effect of res judicata as to
7  each Class Member who did not timely opt out of the Settlement.  The Settlement is not
8  an admission by Defendants nor is this Final Order a finding of the validity of any claim
9  in the lawsuit or any wrongdoing by Defendants.  Furthermore, the Settlement will not
10 be (i) construed as, offered or admitted in evidence as, received as, or deemed to be
11 evidence for any purpose adverse to Defendants, including, but not limited to, evidence
12 of a presumption, concession, indication or admission by Defendants of any liability,
13 fault, wrongdoing, omission, concession or damage; nor (ii) disclosed, referred to or
14 offered in evidence against Defendants, in any further proceeding in the lawsuit, or any
15 other civil, criminal or administrative action or proceeding except for purposes of
16 effecting the Settlement.  However, the Settlement may be admitted in evidence and
17 otherwise used in any and all proceedings to enforce any or all terms of the Settlement,
18 or to support a defense by the Releasees of res judicata, collateral estoppel, release,
19 waiver, good faith settlement, judgment bar or reduction, and any other applicable
20 defenses.

21        6.    In accordance with the terms of the Settlement, the Released Claims
22 covered by the Settlement shall be and hereby are dismissed on the merits with prejudice
23 on a class-wide basis as to the Plaintiffs and all Class Members except those who timely
24 filed requests for exclusion.

25        7.    Without affecting the finality of this Final Order and Judgment, the
26 Court reserves continuing and exclusive jurisdiction over this Action and the Parties,
27 including all Class Members, to administer, supervise, construe and enforce the
28

4

[PROPOSED] ORDER
CASE NO. SACV 10-1303-JAK (VBKx)

Settlement in accordance with its terms for the mutual benefits of the Parties.

8. The Court determines that an award of attorneys' fees to class counsel under the common fund doctrine in the collective amount of $733,260, representing thirty-three and one third percent of the $2,200,000 Gross Settlement Amount to the Class, is fair, reasonable and appropriate. The Court finds that the contentious nature of the litigation, the degree of difficulty and potential defenses the amount of recovery, and the other reasons set forth in the moving papers, all support this fee award.

9. Counsel for the Class performed work which benefitted the Class and expended substantial time and effort in litigating this matter. Importantly, there were no objections to the requested fee and expense award from any member of the Class.

10. The substantial recovery obtained and the results achieved, along with the risks of the litigation, the skill required, quality of the work, the contingent nature of the fee, the financial burden carried by Class Counsel, and awards made in similar cases, all justify the requested attorneys' fees award. The work of class counsel on behalf of the Class resulted in the creation of a total settlement value of $2,200,000.

11. Pursuant to the terms of the Settlement Agreement, the Court further orders that Class Counsel be reimbursed for their litigation expenses in the amount of $26,269.87. This amount represents the actual and reasonable out of pocket costs Class Counsel incurred in this litigation.

12. The Court finds that the named Plaintiffs performed their duties and roles as the class representatives admirably. The Court hereby awards to each of the named Plaintiffs, James Lugliani and Chris Willis, an incentive and service award of $10,000, which the Court finds to be fair and reasonable, to be paid in accordance with the Settlement Agreement.

13. For all of the above reasons, the Court hereby awards $733,260 to Class Counsel as attorneys' fees, $26,269.87 for litigation expenses and costs, $10,000

to the LWDA as its share of the penalties for the PAGA claim, and $8,000 as a Service Payment to Plaintiff James Lugliani and $5,500 as a Service Payment to Plaintiff Chris Willis, each of the named Plaintiffs, all to be paid in accordance with the terms of the Settlement Agreement.

14. In addition, pursuant to the terms of the Settlement Agreement, the Court orders that third party administrator, CPT Group, Inc., be awarded $14,000 in connection with the costs incurred in administering the current Settlement.

15. If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Final Order and Judgment and all orders entered in connection herewith shall be vacated and shall have not further force or effect.

THEREFORE, the Court, in the interest of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Final Order as set forth above.

IT IS SO ORDERED



Dated March 8, 2012   _____
　　　　　　　　　　　　Hon. John A. Kronstadt
　　　　　　　　　　　　Judge of the United States District Court